## CIRCUIT COURT OF FAIRFAX COUNTY

Blankespoor

v.

Blankespoor

September 20, 1983

Case No. (Chancery) 76995

By JUDGE J. HOWE BROWN

The Petitions raise the question whether matters relating to child custody, visitation and support are subject to mediation and arbitration pursuant to an arbitration clause in a property settlement agreement incorporated in a decree of divorce. I find that the arbitration clause applies to all matters of controversy between the parties under the agreement, including those relative to the children.

There is nothing in the agreement itself to indicate that the parties intended to except matters relating to the children from the arbitration requirement. No law is cited and none is found which prohibits child welfare matters being the subject of arbitration. Indeed, in the informal setting of mediation and arbitration it is certainly just as likely, if not more likely, that the welfare of the children will be protected more fairly than in the more formal courtroom setting. In any event, the Court of equity retains jurisdiction to review any award, so the Court is not divested of is ultimate responsibility for the welfare of the children.

The Petition of the Defendant is denied. Costs and attorneys fees as described in the Agreement will be allocated by the arbitrator should the parties proceed with arbitration.